509 So.2d 1111 (1987)
THE FLORIDA BAR, Complainant,
v.
Isabel RODRIGUEZ, d/b/A ABc General Services, Respondent.
No. 69289.
Supreme Court of Florida.
July 16, 1987.
Joseph J. Reiter, President, West Palm Beach, Ray Ferrero, Jr., President-elect, Fort Lauderdale, John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, Robert M. Sondak, Chairman, Standing Committee on Unlicensed Practice of Law, Miami, and Mary Ellen Bateman, UPL Counsel, Tallahassee, for complainant.
Lester Rogers, Miami, for respondent.
PER CURIAM.
This proceeding was initiated by The Florida Bar's filing of a petition charging respondent Isabel Rodriguez with engaging in the unauthorized practice of law. This Court issued an order commanding the respondent to show cause why she should not be enjoined from the unauthorized practice of law in the State of Florida. Following the issuance of the order to show cause, respondent submitted an answer to the Bar's petition. We then appointed a referee to hear the evidence and make a report to the Court.
After the entry of the order appointing the referee, the parties negotiated an agreement including a stipulation as to the facts and an agreed order for an injunction against the unauthorized practice of law. The agreement eliminated the necessity for a trial before the referee. The stipulated judgment and injunction were approved by the referee and have now been submitted to the Court for consideration. The stipulation reads as follows:
The parties hereto, by and through their undersigned attorneys, stipulate and agree as follows:
1. That Respondent, at all times material herein, was not and is not a member of The Florida Bar, and was not licensed to engage in the practice of law in the State of Florida.
2. That on or about April 4, 1985, an advertisement appeared in a Dade County newspaper, in Spanish, regarding ABC General Services. The advertisement indicated ABC General Services employed a "Notario Publico," and offered services in immigration, corporations, divorce, and income tax.
3. That on or about June 20, 1985, Respondent was interviewed in the presence of her attorney by the chairman of the Eleventh Circuit UPL Committee "C." Respondent admitted to:
a. filing immigration forms for clients;

*1112 b. assisting clients in forming corporations;
c. preparing articles of incorporation;
d. advertising immigration and corporation services along with other services.
4. That sometime in August, 1985, Respondent met with Carlos and June Otero at her office at 10518 West Flagler Street, Miami, Florida.
5. That during the August, 1985, meeting, Respondent identified herself to the Oteros as a notary public and immigration consultant.
6. That during the August, 1985, meeting, Respondent informed the Oteros that she would fill out the immigration papers necessary for Mr. Otero to obtain a "green card."
7. That in December, 1985, the Oteros telephoned Respondent to inquire about the immigration matter. Respondent informed the Oteros that she had referred Mr. Otero's case to a lawyer to process.
8. That in February, 1986, the Oteros went to the United States Immigration and Naturalization Service in Miami, Florida to obtain Mr. Otero's alien number. Mr. Otero was given a piece of paper with Mr. Otero's name on it in care of a person by the name of Nashid Sabir.
9. That the Oteros never met or consulted with Mr. Sabir, an attorney, regarding the immigration matter.
10. That a writ of injunction shall issue permanently enjoining Respondent, Isabel Rodriguez, individually, and d/b/a ABC General Services, and her agents, servants or employees or those acting in concert with her from:
a. Representing to the public, either personally or by use of advertisement, that she is an attorney or a person capable of advising and handling matters requiring legal skills;
b. Filing immigration forms on behalf of others or representing persons before the Immigration and Naturalization Service, unless and to the extent the regulations of the Immigration and Naturalization Service allow representation of such person before the Service by a nonlawyer;
c. Advising persons of their rights, duties, and responsibilities under Florida law, or Federal law, on matters as those laws relate to Immigration and Naturalization matters, except to the limited degree permitted under the Code of Federal Regulations.
d. Forming corporations for others, including the preparation of charters, by-laws, resolutions, and other documents incidental to the contractual rights of the corporation, its incorporators, and stockholders, and from advising others thereto.
e. Otherwise engaging in the practice of law in the State of Florida, until such time as Respondent is duly licensed to practice law in this state.
11. That costs in the amount of $525.32 be taxed against Respondent.
We find that the foregoing stipulation is appropriate in this case and therefore approve it. The agreed order of injunction is hereby adopted and the respondent Isabel Rodriguez is hereby permanently enjoined from the activities set forth in the stipulation above.
Judgment is entered against Isabel Rodriguez for costs in the amount of $525.32, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.